JERRY S. BUSBY
Nevada Bar #001107
POOJA KUMAR
Nevada Bar #012988
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
pkumar@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YUSLEIDY GONZALEZ-PEREZ, individually;<br><br>       Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. an Ohio Corporation;  DOES II–V; and ROE CORPORATIONS I-V, inclusive,<br><br>       Defendants. | Case No. 2:24-cv-01204-APG-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

The current Initial Expert Disclosure deadline in this case is December 2, 2024.  *See* ECF No. 10, at 2:11 (Aug. 5, 2024).  The Parties have agreed to a 120-day extension of discovery deadlines to facilitate the Parties' efforts to conduct meaningful discovery and attempt to resolve this matter prior to incurring additional expenses.

The Parties have been working amicably together to complete discovery and depositions, and they will take full advantage of this additional extension to try to work through and possibly resolve this case; if these efforts are unsuccessful, then the Parties will promptly conduct the discovery needed to posture this matter for trial, all while working together so as to avoid further Court intervention.

Further, with the holidays coming up, Defendant SMITH'S FOOD & DRUG CENTERS, INC. will not be available for certain discovery such as depositions, fact-finding, and other activities that require the presence and attention of employees of the subject store.  This is due to employees' busy

schedules up through the middle of January as retail and grocery establishments are busier during the end of the year.

This is the First such request for an extension of discovery deadlines.

**IT IS HEREBY STIPULATED** by and between Plaintiff YUSLEIDY GONZALEZ-PEREZ (hereinafter "Plaintiff") and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), by and through their respective counsel of record as designated below, that all discovery deadlines be extended by one hundred twenty (120) days, as set forth below, to allow the Parties to complete necessary discovery prior to trial.

## I. STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED

To date, the Parties have completed the following discovery:

- The Parties participated in the FRCP 26(f) Conference.
- Plaintiff served her FRCP 26(a)(1) initial disclosure, one amendment thereto, and two supplements thereto, with exhibits.
- SMITH'S served its FRCP 26(a)(1) initial disclosure and one supplement thereto, with exhibits.
- Both Parties have propounded written discovery requests upon each other pursuant to FRCP 33, 34, and 36.
- Both Parties have responded to propounded written discovery requests.
- SMITH'S deposed Plaintiff.

## II. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED

The Parties anticipate completing the following discovery:

- SMITH'S will continue to collect and review Plaintiff's medical records.
- The Parties will supplement their initial disclosures as new information becomes available.
- Plaintiff will take the depositions of employee witnesses for the subject SMITH'S store.
- Plaintiff will take the FRCP 30(b)(6) deposition of SMITH'S.
- Both Parties will continue to deliver records to retained experts, potentially retain additional experts, and designate expert witnesses.
- SMITH'S will take the depositions of Plaintiff's medical providers.
- The Parties will conduct depositions of expert witnesses as necessary.

- The Parties will further assess discovery to date to determine additional, follow-up discovery to complete once the above has been completed.

## III. REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE CURRENT DISCOVERY SCHEDULING ORDER

Plaintiff and SMITH'S have been engaging in meaningful discovery to date. However, there is still discovery to complete in this matter, a fact which has been complicated by several factors. First, the Parties anticipate the inability of deposing witnesses employed at SMITH'S due to the holiday season. As SMITH'S is a grocery retailer, its highest traffic is during the holiday season. Therefore, employees are needed at the store, and requesting employee presence at meetings and depositions would affect jobs and store operations.

Second, the Parties are pursuing neutral evaluation to try to resolve this matter. The Parties are discussing the possibility of mediation in lieu of more extensive discovery. Third, counsel for both Parties were engaged in various trial practice during the past month, taking up necessary time.

For the reasons stated above, the Parties respectfully request that this Court grant them additional time to meaningfully and substantively complete necessary discovery while also allowing the Parties time to try to settle this case before additional, costly retention of experts.

## IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued one hundred twenty (120) days from their present deadlines, as set forth below:

1. **Discovery Cut-Off Date:** The Parties jointly propose that the discovery cut-off date be extended one hundred twenty (120) days from the present deadline of January 27, 2025, to **May 27, 2025**.

2. **Amending the Pleadings and Adding Parties:** The Parties acknowledge that the deadline to amend pleadings and add parties has passed. As such, the Parties do not seek an extension of this deadline.

3. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts:** The Parties jointly propose that the initial expert disclosure deadline be extended one hundred twenty (120) days from its present deadline of

December 2, 2024, to **March 31, 2025**; and that the rebuttal expert disclosure deadline be extended one hundred twenty (120) days from its present deadline of January 2, 2025, to **May 2, 2025**.

4.    **Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date as set forth in the Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended one hundred nineteen (119) days from its present deadline of February 26, 2025, to **June 27, 2025**.

5.    **Pre-Trial Order:** The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for March 28, 2025, be extended one hundred nineteen (119) days to **July 25, 2025**.  In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the pre-trial order be suspended until thirty (30) days after decision on the dispositive motions or until further Order of this Court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods as set forth in this paragraph.

6.    **Fed. R. Civ. P. 26(a)(3) Disclosures:**  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7.    **Alternative Dispute Resolution:**  Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation.  The Parties have not scheduled any such ADR forum at this point, but they have agreed to pursue this avenue, as discussed above. Counsel further agree that a settlement conference would be beneficial after discovery is concluded if mediation is not successful.  Finally, the Parties and their counsel are not interested in submitting this case to arbitration.

8.    **Alternative Forms of Case Disposition:** The Parties certify that they have discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73. At present, the Parties do not consent to either alternative form of case disposition.

9.    **Electronic Evidence:**  The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system.  At present, the Parties have not

1  agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in

2  the pre-trial order.

3        10.   **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any

4  stipulation or motion must be made no later than 21 days before the subject deadline.  Requests to extend

5  discovery deadlines must comply fully with Local R. 26-3.

6        **IT IS SO STIPULATED.**

7        DATED this 26th day of November, 2024.

8  **ER INJURY ATTORNEYS**              **COOPER LEVENSON, P.A.**

9  */s/ Justin G. Randall, Esq.*              */s/ Pooja Kumar*

10  JUSTIN G. RANDALL, ESQ.          JERRY S. BUSBY, ESQ.
    Nevada Bar No. 12476              Nevada Bar No. 01107

11  4795 South Durango Drive          POOJA KUMAR, ESQ.
    Las Vegas, Nevada 89147          Nevada Bar No. 12988

12  (702) 968-7500                 3016 West Charleston Boulevard, Suite 195
    Attorneys for Plaintiff            Las Vegas, Nevada 89102

13  Yusleidy Gonzalez-Perez          (702) 366-1125
                            Attorneys for Defendant

14                              Smith's Food & Drug Centers, Inc.

15

16

17

18

19        **IT IS SO ORDERED.**

20

21

22                            UNITED STATES MAGISTRATE JUDGE

23                            DATED:  November 27, 2024

24

25

26

27

28